MacDonald, D. Lloyd, J.
Before the Court is the Defendant Route 140 School Street LLC’s Motion for Sanctions and to Compel Plaintiffs’ Attendance and Response to Questions at Their Depositions and the Plaintiffs’ Cross Motion for Protective Order. The Defendant Route 140 School Street LLC’s (“Route 140 LLC”) motion is DENIED. The Plaintiffs’ motion is ALLOWED. The Court’s reasons are as follows.
The subject matter of the motion to compel — the identity of the members of the Mansfield Citizens to Save the Land — is irrelevant to the subject matter of the case. Route 140 LLC proffers that such identity is germane to the issue of the Plaintiffs’ standing. How *434 ever, the Plaintiffs live in the immediate vicinity of the subject development (the “Project”). Thus, they are entitled to presumptive standing under G.L.c. 40A, §11. Further, given the proximity of their residence to the Project and the nature of the variance at issue, inter alia, a 24% reduction in the off-street parking space requirement, it is highly likely that they are “aggrieved persons” within the statute for standing purposes in any event. More pointedly, there is no logic to the Route 140 LLC’s submission that the identity of the members is necessary in order for Route 140 LLC to be able to develop evidence as to whether the Plaintiffs’ injury is “different from the injury the action [at issue] will cause the community at large.” G.L.c. 40A, §17. There is no obstacle to Route 140 LLC surveying or otherwise obtaining information as to the prospective injury, if any, flowing from the project to the larger Mansfield community. Access to the identities of a subset of the larger community comprising the membership of an advocacy organization would not reasonably advance any interest of Route 140 LLC other than to interfere with the First Amendment and privacy interests of such members and to cause them unnecessary expense.
By Route 140 LLC’s own characterization, the Mansfield Citizens to Save the Land is “an organization formed for the purpose of mobilizing opposition to the Project and ostensibly premised on the proposition that the Project will affect the Mansfield community generally.” Thus, at its core, the mission of the group is the “exercise of its right of petition.” G.L.c. 231, §59H (the Anti-SLAPP Statute). While this civil action is not directly subject to the statute, the policy interests underlying the statute are directly implicated. “The typical mischief that the legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects.” Duracraft Corporation v. Holmes Products Corporation, 427 Mass. 156, 161 (1998). By all appearances, that “mischief’ is present here. Accordingly, the exercise of the Court’s authority pursuant to Rule 26(c) to protect against “annoyance, embarrassment, oppression or undue burden or expense” is particularly appropriate to prevent any chilling of Manfield’s citizens’ constitutionally protected petitioning activity.